UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br>　　　　Plaintiff,<br>　　v.<br>OKL INC., et al.,<br>　　　　Defendants. | Case No. 20-cv-06426-JCS<br><br>**ORDER STRIKING MOTIONS TO QUASH**<br>Re: Dkt. Nos. 9, 14 |

Plaintiff Richard Sepulveda brings this case under the Americans with Disabilities Act of 1990 ("ADA") and California state law. He asserts that Defendants OKL Inc. dba San Leandro Gas & Car Wash ("the Car Wash") and individual defendants Bodh Kunwar and Chitra Kunwar ("the Kunwar defendants"), who are alleged to be the owners of the real property upon which the Car Wash is located, are in violation of the ADA because they have failed to provide barrier-free access to the Car Wash. Two Motions to Quash the summons and complaint have been filed in this case by Daven Loomba. *See* Docket Nos. 9, 14. While the second motion to quash is signed by the Kunwar defendants, that motion, like the first one, carries Mr. Loomba's name on the face page of the motion. While Mr. Loomba does not state his relationship to the named defendants in this case, the Proof of Service filed in the case lists him as the agent for service of process of the corporate defendant, OKL Inc. *See* Docket No. 7.

The Court strikes both motions pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Mr. Loomba is not a named defendant and as a non-attorney cannot appear on behalf of the individual defendants. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities"). Nor can he

appear on behalf of the corporate defendant OKL Inc., which may only appear through counsel. *See* Civ. Local R. 3-9(b)("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). The Court also strikes the declination to magistrate judge jurisdiction filed by Mr. Loomba because Mr. Loomba is not a defendant in this case and he also may not consent to or decline magistrate judge jurisdiction on behalf of any named defendant for the reasons stated above.

While the Court strikes Mr. Loomba's motions to quash, the individual defendants may file their own motion to quash, with or without counsel. If OKL Inc. seeks to bring such a motion it must do so through counsel. The Court extends the deadline for Defendants to respond to Plaintiff's complaint to 30 days from the date of this Order to allow defendants time to bring a motion to quash and the corporate defendant to retain counsel. The Case Management Conference currently set for November 13, 2020 is continued to January 22, 2021 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: November 9, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge

2